UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY BEACHUM,

Plaintiff,

v. Case No. 8:26-mc-0021-WFJ-SPF

INTERNAL REVENUE SERVICE,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Ashley Beachum's Refiled Petition to Quash IRS Third-Party Subpoenas (Doc. 8), filed on May 15, 2026. The District Judge referred the petition, construed as a motion to quash, to the undersigned. For the reasons stated here, the undersigned recommends that the motion be denied and the petition dismissed without prejudice.

**I. Background**

Plaintiff initiated this case on May 1, 2026, by filing a petition to quash, which asked the Court to quash summonses issued by the IRS to third parties that pertain to Plaintiff's tax liability dating back to December 2020 (Doc. 1). Her initial petition also asked the Court to order the IRS to return property to her under Fed. R. Crim. P. 41, seized pursuant to a search warrant, and to disclose the IRS agent's affidavit supporting that warrant.

On May 4, 2026, Plaintiff filed a proof of service (Doc. 5). She attested to mailing via U.S. Mail a copy of her petition to the Tampa office of the United States Attorney's Office for the Middle District of Florida, to IRS Special Agent Cassandra Harriman via the IRS office in St. Petersburg, Florida, to the IRS Office of Chief Counsel in Orlando, and to the

subpoenaed third parties.

On May 5, 2026, the District Judge denied Plaintiff's petition without prejudice in an Endorsed Order. He directed Plaintiff, if she chose to refile, to "show or explain in detail how Plaintiff has standing to contest any subpoena on third parties." (Doc. 7). Regarding Plaintiff's request for return of seized property and the agent's affidavit, the District Judge instructed Plaintiff to "file those motions in the docket number that issued the search warrant complained of." (*Id.*).

Plaintiff refiled her petition to quash—limited to requesting the Court to quash the IRS summonses issued to third parties—on May 15, 2026 (Doc. 8). And the refiled petition includes allegations intended to establish Plaintiff's standing to challenge the subpoenas: She argues that because the IRS seeks records from third parties pertaining to her tax liability, she is entitled to notice of the summonses under 26 U.S.C. § 7609(b)(2). Therefore, Plaintiff argues, she has standing to initiate a proceeding to quash the summonses (*Id.*). Plaintiff's refiled petition is unsigned, as is the certificate of service (*Id.*). She attaches the third-party summonses, all issued by IRS Special Agent Harriman and all requiring compliance by May 15, 2026 (*Id.*). The IRS has not responded to Plaintiff's refiled motion, and the deadline to do so has passed.

## II. Discussion

Plaintiff frames her petition correctly: a person's ability to begin a proceeding to quash IRS summonses directed to third parties is governed by 26 U.S.C. § 7609(b) of the Internal Revenue Code. That section provides, in relevant part, that "not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may

direct in the notice[.]" 26 U.S.C. § 7609(b)(2)(B). The requirement that the movant serve both the IRS and the summoned party by certified or registered mail is reiterated in the regulations. *See* 26 C.F.R. § 301.7609-4(b)(2). Additionally, "[i]f a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS in the manner described in this paragraph, that person has failed to institute a proceeding to quash and the district court lacks jurisdiction to hear the proceeding." 26 C.F.R. § 301.7609-4(b)(3).

Here, there is no evidence that Plaintiff served either her initial or refiled petition on the IRS and the summoned third parties by certified or registered mail. Service by regular mail—which is what Plaintiff attests to—is insufficient (Doc. 5). "It has long been a general rule that waiver by the United States of its sovereign immunity from suit must be strictly construed." *Luongo v. Internal Revenue Serv.*, No. 6:07-mc-76-Orl-28GJK, 2008 WL 1326953, at *2 (M.D. Fla. Apr. 10, 2008) (quoting *United States v. Michel*, 282 U.S. 656, 660 (1931)). Courts in this judicial district and elsewhere have ruled that § 7609(b)(2)(B) must be strictly construed because it is a waiver of sovereign immunity. *See id*. (adopting report and recommendation and dismissing petition to quash IRS summons where movant served IRS by regular mail rather than by certified or registered mail); *Yocum v. United States*, 586 F.Supp. 317, 319 (N.D. Ind. 1984) (finding that letter notification to third party and failure to serve petition on IRS was insufficient); *Dorsey v. United States*, 618 F.Supp. 471, 474 (D. Md. 1985) (noting that failure to mail to proper address was insufficient). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Plaintiff has not complied with the strict service requirements of Section 7609(b)(2)(B). She mailed her initial petition to the IRS and to the summoned parties via regular mail, and

there is no evidence that she served her refiled petition via regular mail or otherwise.

Additionally, even without the benefit of the United States' response to the petition and even assuming service was proper, from the face of Plaintiff's refiled petition, an exception to the United States' sovereign immunity waiver under § 7609 applies. Section 7609(b)(2) provides: "Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons[.]" 26 U.S.C. § 7609(b)(2)(A). Generally, § 7609(a) requires the IRS to notify the taxpayer(s) whose records are identified in a third-party summons. See 26 U.S.C. § 7609(a)(1). Under § 7609(c)(2)(E), however, the right to a proceeding to quash does not apply to any summons "(i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws; and (ii) served on any person who is not a third-party recordkeeper (as defined in section 7603(b))." 26 U.S.C. § 7609(c)(2)(E).

Here, the summonses attached to Plaintiff's refiled petition show that they were issued by Special Agent Harriman as a part of the IRS's criminal investigation into Plaintiff's tax liability. None of the summoned third parties appears to be a third-party recordkeeper within the meaning of the statute. Because the exception in § 7609(c)(2)(E) applies, the bar of sovereign immunity remains, and subject matter jurisdiction does not exist. *See Gaetano v. United States*, 994 F.3d 501, 511 (6th Cir. 2021).

For the reasons explained above, the undersigned RECOMMENDS:

(1) Petitioner's request to quash the IRS Summonses be **DENIED,** and her Refiled Petition to Quash (Doc. 8) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida, on June 24, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.